IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CARL M. SMITH, by and through his next friend
(Mother); LANCETTA SMITH; CARL M. SMITH
and LANCETTA SMITH,

    Plaintiffs,

v.        No. 05-2440 B

MEMPHIS CITY SCHOOLS; DR. CAROL JOHNSON,
individually and as Superintendent for Memphis City
Schools; TOMMY KILLOUGH, individually and as
Principal of Kirby High School; MANNIE LOWERY,
individually and as an employee of Memphis City Schools,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO DECLARE AFFIDAVIT
OF DEFENDANT MANNIE LOWERY WAS MADE IN BAD FAITH
AND FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT

---

On September 28, 2006, Defendant Mannie Lowery filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The following day, the remaining Defendants also moved for summary judgment. When the Plaintiffs, Carl M. Smith, by and through his next friend (Mother), Lancetta Smith; Carl M. Smith and Lancetta Smith, who are represented by counsel, failed to respond to either motion, the Court entered an order on November 7, 2006 to show cause why the case should not be dismissed for failure to prosecute. On November 21, 2006, counsel for the Plaintiffs responded to the show cause order, stating that he was continuing to pursue the case and requested an extension, until December 5, 2006, to respond to the dispositive motions. The request was granted in an order entered November 21, 2006. December 5, 2006 passed with no filings by the Plaintiffs.

On December 6, the Plaintiffs moved for an order declaring that Lowery's affidavit, attached to his motion for summary judgment, was made in bad faith. In support of his motion, counsel for the Plaintiffs argues that Lowery's statement in his affidavit that he suspended Plaintiff Carl Smith approximately two times during the 2001-02 school year contradicts a statement made by him in a June 18, 2002 deposition in an unrelated matter before the Tennessee Board of Education. According to counsel, the deposition, signed by Lowery, contained 10 exhibits consisting of documentation of home suspensions for Smith from the 2001-02 school year. This, he insists, evidences the false nature of the affidavit filed in this case. Counsel also requested that he not have to file his response to the motions for summary judgment until the Court ruled on his request to strike the affidavit. According to the docket, no certificate of consultation was filed in connection with the December 6, 2006 motion, as is required by the Local Rules of this district.[1] Attached to the Defendant's response to the motion, however, are copies of e-mails between counsel reflecting that the attorney for Plaintiffs advised Lowery's counsel on December 5 that he intended to file a motion to strike the affidavit and sought accord pursuant to the Local Rule, but made no mention of a request for additional time to respond to the motions for summary judgment. On December 7, 2006, the Plaintiffs filed a copy of the June 18, 2002 deposition of Lowery, again relating that "before Plaintiffs can file their response to Defendants' summary judgment motions, said contradictory statements must be addressed, because said response may need to be modified."

---

[1] The Local Rules of the United States District Court for the Western District of Tennessee ("Local Rules") require that motions be accompanied by a certificate of consultation "affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." LR7.2(a)(1)(B), Local Rules. "Failure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion." Id.

(Notice of Filing the Dep. of Mannie Lowery, Dated June 18, 2002 at 2.)  Again, no certificate of consultation was filed with the Court.

Upon review, the Court finds that the Plaintiffs' request to strike the affidavit is premature and would be better addressed in connection with the Court's ruling on the motions for summary judgment.  Therefore, the motion is at this point DENIED without prejudice.

Furthermore, the Court is concerned about the failure, with no explanation whatever, of Plaintiffs' counsel to file a response to the motions for summary judgment on the date to which he sought and was granted an extension, as well as his apparent assumption that his response need not be filed until the Court ruled on his motion to strike Lowery's affidavit.  Regretfully, the actions of Plaintiffs' counsel appear to be a stalling tactic entered into at his peril.  At bottom, the Plaintiffs failed to respond to the motions for summary judgment on or before the deadline of December 5, 2006.  Requests for additional time were filed after the deadline had already passed and were not in compliance with the Local Rule.  Thus, the requests for additional time are DENIED, and any response to the motions for summary judgment would at this point be untimely.[2]

IT IS SO ORDERED this 27th day of December, 2006.

                J. DANIEL BREEN
                UNITED STATES DISTRICT JUDGE

---

[2] In making its decision, the Court notes that the trial of this matter is set for January 22, 2007 with the pretrial conference scheduled for January 10.