IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CARL M. SMITH, by and through his next friend
(Mother); LANCETTA SMITH; CARL M. SMITH
and LANCETTA SMITH,

    Plaintiffs,

v.        No. 05-2440 B

MEMPHIS CITY SCHOOLS; DR. CAROL JOHNSON,
individually and as Superintendent for Memphis City
Schools; TOMMY KILLOUGH, individually and as
Principal of Kirby High School; MANNIE LOWERY,
individually and as an employee of Memphis City Schools,

    Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND DISMISSING CASE
_____

This lawsuit was brought by the Plaintiffs, Carl M. Smith, by and through his next friend (Mother); Lancetta Smith; Carl M. Smith and Lancetta Smith, against the Defendants, Memphis, Tennessee City Schools ("MCS"); Dr. Carol Johnson, individually and as superintendent of MCS; Tommy Killough, individually and as principal of Kirby High School; and Mannie Lowery, individually and as a MCS employee. The Plaintiffs allege violation of Carl Smith's civil rights, assault, negligence and outrageous conduct arising from the use of corporal punishment when he was a student. Before the Court are the separate motions of the Defendants, filed September 28 and 29, 2006, for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. In a filing dated December 28, 2006, the Plaintiffs advised the Court that, after further review of their position and the law applicable to their claims, they did not oppose summary judgment as to the federal civil rights claims asserted

against the Defendants.  Therefore, the Defendants' motions for summary judgment as they pertain to the Plaintiffs' federal civil rights allegations are GRANTED.

Having disposed of the Plaintiffs' allegations under federal law, the Court now turns to the state claims for assault, outrageous conduct and negligence.  The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is governed by 28 U.S.C. § 1367, which expressly permits the Court to decline the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  Absent any remaining federal claims against the Defendants, the Court, in its sound discretion, hereby DISMISSES without prejudice the Plaintiffs' state claims against them.  See Weeks v. Portage County Exec. Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

For the reasons set forth herein, the Defendants' motions for summary judgment are GRANTED and the Plaintiffs' federal claims are DISMISSED.  Likewise, for the reasons stated herein, the Plaintiffs' state law claims are DISMISSED without prejudice.  The Clerk is DIRECTED to enter judgment for the Defendants.  Furthermore, all outstanding motions in this matter are DISMISSED as moot and the Court's case manager is DIRECTED to remove all deadlines and proceedings from the Court's calendar.

IT IS SO ORDERED this 4th day of January, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE